# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRUCE LYNN COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-315-CVE-FHM |
| | ) | |
| JUSTIN JONES, Director; | ) | |
| STEVE MOLES, Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On May 23, 2011, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), a motion to proceed *in forma pauperis* (Dkt. # 2), and a motion for temporary restraining order ("TRO") and preliminary injunction ("PI") (Dkt. # 3). Plaintiff's complaint raises claims related to his Fifth Amendment right against self-incrimination invoked during his interview with two FBI agents. The agents were investigating the forgery of a federal judge's signature on a document generated at the Dick Conner Correctional Center.

By Order filed May 24, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis* and denied his motion for TRO and PI based on Plaintiff's failure to provide notice to Defendants. On June 3, 2011, the Court directed the United States Marshal to serve the complaint on defendants. An executed return of service for Justin Jones, Director of the Oklahoma Department of Corrections ("DOC"), was filed of record on July 11, 2011. See Dkt. # 12. The certified mail return receipt demonstrates delivery of the summons and complaint on June 29, 2011. Id. Defendants have not answered or entered an appearance in this case. On July 23, 2011, Plaintiff filed a motion

to reconsider the previous denial of his motion for TRO and PI (Dkt. # 13). He also filed a motion for TRO and PI (Dkt. # 14) and a supporting brief (Dkt. # 15).

The Court finds Plaintiff is not entitled to a TRO or PI and his most recent motion shall be denied. A party seeking a preliminary injunction must show that he will suffer irreparable injury unless the injunction issues; that he has a substantial likelihood of prevailing on the merits; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. See Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F.3d 1163, 1171 (10th Cir. 1998); Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The limited purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. See Fed. R. Civ. P. 65(b).

In his complaint, Plaintiff alleges that: (1) prison officials have improperly retaliated against him for constitutionally protected activity in violation of the First, Fourteenth, and Eighth Amendments; and (2) enforcement of disciplinary rule requiring cooperation in an investigation deprived Plaintiff of his Fifth Amendment privilege. See Dkt. # 1. In his motion for TRO and PI, Plaintiff states that a rehearing on his misconduct conviction has been ordered to take place within thirty (30) days of June 21, 2011. He asserts that the DOC's policy OP-060125, Class "A" 02-19,

"failure to cooperate in an investigation," is unconstitutional and that he is entitled to a temporary restraining order and preliminary injunction enjoining the DOC from enforcing the policy.

The Court finds that Plaintiff has not established that his right to the requested relief is clear and unequivocal. Kikumura, 242 F.3d at 955. In addition, Plaintiff has failed to establish the existence of the four conditions required for issuance of the temporary relief he has requested. Lundgrin, 619 F.2d at 63. First, Plaintiff has not alleged specific facts that demonstrate he will suffer "irreparable injury" unless DOC is enjoined from enforcing its disciplinary rules. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Irreparable harm is more than "merely serious or substantial" harm. Id. (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." Id. (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." Vega v. Wiley, 259 Fed. Appx. 104, 106 (10th Cir. 2007) (unpublished decision).[1] The fact that Plaintiff is scheduled for a rehearing on his charged misconduct is not sufficient to establish irreparable injury.

Next, there is not a substantial likelihood that Plaintiff will succeed on the merits. Plaintiff does not have a constitutional right not to cooperate in an investigation.[2] See McBayne v. Pugh, 85

---

[1]Citations to unpublished opinions in this Order are for persuasive value. See 10th Cir. R. 32.1(A).

[2]On December 8, 2009, two FBI agents attempted to interview Plaintiff concerning his role in preparing a document bearing the forged signature of a federal judge. During the interview, Plaintiff invoked his Fifth Amendment right against self-incrimination. However, the Court notes that in his complaint, Plaintiff states that in November 2009, prior to his interview with the FBI, he

Fed. Appx. 109, 111-12 (10th Cir. 2003) (unpublished) (noting that a "right to remain silent" does not include a right not to cooperate in an investigation, as concealment of crime has always been disfavored). Furthermore, Plaintiff cannot establish a claim for a violation of his Fifth Amendment right against self-incrimination unless he is compelled to be a witness against himself in a criminal proceeding. See Chavez v. Martinez, 538 U.S. 760 (2003) ("[A] violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case.") (emphasis deleted). Plaintiff does not claim that a criminal charge has been filed against him based on the FBI investigation described in the complaint. He claims only that he faces administrative discipline for refusing to cooperate in an investigation. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In addition, at this point in the proceeding, Plaintiff has not demonstrated a substantial likelihood of success on the merits of his retaliation claim. Although prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights, Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998), the likelihood that Plaintiff could prevail on such claim on these facts could not be characterized as "substantial." Plaintiff has not alleged specific facts demonstrating that, but for the retaliatory motive, the adverse action would not have taken place. Id. The Court concludes that Plaintiff has not demonstrated a substantial likelihood of success on his claims.

---

told prison officials that he had no knowledge of a document containing the forged signature of a federal judge. See Dkt. # 1. He has also provided his sworn affidavit denying any knowledge of the forged federal document. Id. at 37. Plaintiff's invocation of the Fifth Amendment does not comport with his denial of any involvement in preparation of the forged document. "A witness may not employ the [Fifth Amendment] privilege to avoid giving testimony that he simply would prefer not to give." Roberts v. United States, 445 U.S. 552, 560 n.7 (1980).

The third and fourth factors also weigh against granting injunctive relief. In <u>Turner v. Safley</u>, 482 U.S. 78 (1987), the Supreme Court cautioned against judicial interference with the daily administration of prisons:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

<u>Turner</u>, 482 U.S. at 84-85. As indicated above, Plaintiff asks the Court to enjoin application of a prison rule requiring cooperation in investigations. The rule has important ramifications in the daily administration of prisons in Oklahoma and the Court will not interfere in the application of the rule. Similarly, the public interest would not be well-served by entry of the injunctive relief sought by Plaintiff. The public has an interest in the security and safety of prisons. Enjoining prison officials from enforcing rules requiring prisoners to cooperate in investigations would adversely affect the safety and security of prisons as well as the orderly administration of prisons.

In sum, the Court finds that Plaintiff has failed to meet his heightened burden to establish an entitlement to injunctive relief. Plaintiff's request for a TRO and PI shall be denied. Plaintiff's motion to reconsider the prior denial of his motion for TRO and PI shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.  Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. # 14) is **denied**.

2.  Plaintiff's motion to reconsider the denial of motion for temporary retraining order and preliminary injunction (Dkt. # 13) is **declared moot**.

DATED THIS 15th day of July, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT