### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE LYNN COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0315-CVE-FHM |
| | ) |
| JUSTIN JONES, Director; | ) |
| STEVE MOLES, Unit Manager, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a prisoner appearing *pro se*. Before the Court are Plaintiff's third motion for temporary restraining order (TRO) and preliminary injunction (PI) (Dkt. # 18), and Defendants' motion for extension of time to file a responsive pleading (Dkt. # 19). In his complaint (Dkt. # 1), Plaintiff raises claims related to his Fifth Amendment right against self-incrimination invoked during his interview with two FBI agents. The agents were investigating the forgery of a federal judge's signature on a document generated at the Dick Conner Correctional Center. Plaintiff alleges that prison officials have improperly retaliated against him for engaging in constitutionally protected activity (Count I) and that enforcement of the Oklahoma Department of Corrections disciplinary rules deprives him of his rights under the Fifth Amendment (Count II). See Dkt. # 1.

**A. Third motion for TRO/PI**

By Order filed May 24, 2011 (Dkt. # 6), the Court granted Plaintiff's motion to proceed *in forma pauperis* and denied his first motion for TRO/PI based on Plaintiff's failure to provide notice to Defendants. In an Opinion and Order filed July 15, 2011 (Dkt. # 17), the Court denied reconsideration of the denial of the first motion for TRO/PI and also denied Plaintiff's second

motion for TRO/PI. On August 22, 2011, Plaintiff filed the motion for TRO/PI presently before the Court. As in his prior motions, Plaintiff asks the Court to intervene in prison disciplinary proceedings.

The Court again finds Plaintiff is not entitled to a TRO/PI and his most recent motion shall be denied. Plaintiff contends that on August 11, 2011, he received two (2) misconducts in retaliation for filing the instant lawsuit and because he was successful in having his original misconduct, issued for "failing/refusing to cooperate in an investigation," set aside. See Dkt. # 18. He seeks a TRO/PI "to prevent the defendants from going forward" with the misconduct proceedings. Id. As the Court explained in its prior Opinion and Order, see Dkt. # 17, a party seeking a preliminary injunction must show that he will suffer irreparable injury unless the injunction issues; that he has a substantial likelihood of prevailing on the merits; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. See Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F.3d 1163, 1171 (10th Cir. 1998); Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. See Fed. R. Civ. P. 65(b).

The Court finds that Plaintiff has not established that his right to the requested relief is clear and unequivocal. Kikumura, 242 F.3d at 955. In addition, Plaintiff has failed to establish the existence of the four conditions required for issuance of the temporary relief he has requested. Lundgrin, 619 F.2d at 63. First, Plaintiff has not alleged specific facts that demonstrate he will

suffer "irreparable injury" unless DOC is enjoined from enforcing its disciplinary rules. The fact that Plaintiff has received new misconducts which are scheduled for a hearing is not sufficient to establish irreparable injury.

The third and fourth factors also weigh against granting injunctive relief. In Turner v. Safley, 482 U.S. 78 (1987), the Supreme Court cautioned against judicial interference with the daily administration of prisons:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

Turner, 482 U.S. at 84-85. As indicated above, Plaintiff asks the Court to intervene in prison disciplinary matters. Enjoining prison officials from enforcing disciplinary rules would adversely affect the safety and security of prisons as well as the orderly administration of prisons.

Having determined that three of the four factors weigh against Plaintiff, the Court need not address the remaining factor, i.e., whether Plaintiff has a "substantial likelihood of success on the merits." See Schrier v. Univ. of Colo., 427 F.3d 1253, 1262 n.2 (10th Cir. 2005); In re Qwest Commc'ns Int'l, Inc. Sec. Litig., 241 F.Supp.2d 1119, 1123 (D. Colo. 2002) (declining to enter temporary restraining order, even "assum[ing], without deciding, that the plaintiffs have a substantial likelihood of success on the merits," because plaintiffs failed to establish irreparable harm and that the balance of equities was in their favor).

In sum, the Court finds that Plaintiff has failed to meet his heightened burden to establish an entitlement to injunctive relief. Plaintiff's third request for a TRO/PI shall be denied.

**B. Motion for extension of time**

In their motion for extension of time, Defendants request that they be allowed an additional thirty (30) days, or until September 28, 2011, to complete preparation of the Special Report and their responsive pleading. See Dkt. # 19. Pursuant to Fed. R. Civ. P. 6(b), Defendants' motion for extension of time shall be granted. Defendants shall file the Special Report and their responsive pleading on or before September 28, 2011.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's third motion for temporary restraining order and preliminary injunction (Dkt. # 18) is **denied**.

2. Defendants' motion for extension of time (Dkt. # 19) is **granted**. Defendants shall file the Special Report and their responsive pleading on or before **September 28, 2011.**

**DATED** this 2nd day of September, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT